IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNETH MYNATT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 1:06-0049 |
| | ) | Judge Echols |
| TENNESSEE DEPARTMENT | ) | Magistrate Judge Bryant |
| OF CORRECTION, ET AL., | ) | |
|     Defendants. | ) | |

To: The Honorable Robert L. Echols, Senior Judge

## REPORT AND RECOMMENDATION

By order entered July 17, 2006, this case was transferred from the Eastern District of Tennessee and referred to the Magistrate Judge for consideration of all pretrial matters and reports and recommendations on all dispositive motions. (Docket Entry No. 6). Thereafter this case was reassigned by Magistrate Judge Brown to the undersigned. (Docket Entry No. 8).

Pending before the court is defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket Entry No. 26). For the reasons stated below, the undersigned hereby **RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART**, dismissing plaintiff's claims against the Tennessee Department of Corrections, the West Tennessee State Penitentiary, and the Turney Center Industrial Prison and Farm Internal Affairs Office, and **DENIED** as to plaintiff's remaining claims.

## Procedural History

**The Complaint.** The plaintiff, Kenneth Mynatt, filed this action *pro se* under 42 U.S.C. §1983 against multiple defendants, which include the Tennessee Department of

1

Correction and several employees of that department. Mynatt alleges that during his incarceration at the Northeast Correctional Complex in Mountain City, Tennessee, the defendants failed to follow the rules, policies, and procedures of the Tennessee Department of Correction designed to ensure Mynatt's physical security. Mynatt further alleges that these failures proximately caused him to suffer a brutal beating at the hands of a prison gang, resulting in severe physical and mental harm. (Docket Entry No. 3).

In particular, plaintiff alleges that while incarcerated he was a member of the "Bloods" prison gang, but that he began having serious problems with the gang after attempting to end his membership. *Id.* As a result of his ongoing problems with the gang, plaintiff began to fear for his life and thereafter requested that defendants place him in protective custody. *Id.* Plaintiff alleges that defendants refused this request, laughed at plaintiff, and revealed that plaintiff made the request to his fellow prison inmates. *Id.* Plaintiff alleges these actions are in contravention of Tennessee Department of Correction policy requiring all inmates who request protective custody to be given protection pending investigation of the inmate's claims. *Id.* Plaintiff further alleges that defendants denied his request to file "incompatibles" on certain inmates to prevent interaction with those inmates on a regular basis. *Id.*

Although plaintiff acknowledges that defendants placed him in protective custody for some length of time, he was eventually placed back into the general population where he was brutally assaulted by "Bloods" gang members. *Id.* Plaintiff alleges that this assault would not have occurred but for the defendants' actions and inactions regarding his situation. *Id.*

Plaintiff alleges in his complaint that he took advantage of all possible grievance procedures against defendants in relation to the incidents described in the complaint, but did not attach to the complaint a copy of supporting documents. *Id.* Plaintiff demands compensatory and punitive damages from totaling $1 million for the physical and mental harm done to him as a result of defendants' actions and inaction.

**Motion to Dismiss.** Pending before the court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and supporting memorandum. (Docket Entry Nos. 26 and 27). Defendants assert three independent rationales for dismissing the plaintiff's complaint. First, defendants argue that plaintiff's complaint should be dismissed for failure to demonstrate exhaustion of administrative remedies. *Id.* Specifically, defendants argue that the Prison Litigation Reform Act places upon the plaintiff a burden of both proving that his administrative remedies have been fully exhausted and attaching documentation to his complaint as proof of exhaustion. *Id.* Furthermore, defendants argue that plaintiff must specifically name in his administrative grievances the defendants sued in his lawsuit and give some indication in the grievance process of all issues discussed in the lawsuit. *Id.* Thus, defendants argue that any defendants not named in the administrative grievances should have the claims against them dismissed because administrative remedies were not exhausted as to those claims.

Second, defendants Tennessee Department of Correction, West Tennessee State Penitentiary, and Turney Center Industrial Prison and Farm Internal Affairs Office argue that they enjoy Eleventh Amendment immunity from plaintiff's claim because they are not "persons" within the meaning of 42 U.S.C. § 1983. *Id.* Rather, these defendants argue that plaintiff's claims against them are best understood as suits against the state,

and that in this case the state has not waived its immunity from suit and Congress has not exercised its power to override that immunity. *Id.*

Third, counsel for the defendants argues that Nicky Jordan has not been personally served and therefore should be dismissed from the suit. *Id.*

## Analysis

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss is properly granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scotts Co. v. Cent. Garden & Pet Co.,* 403 F.3d 781, 787 (6th Cir. 2005) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir 1993)). "In considering a Fed. R. Civ. P. 12(b)(6) motion, the court must accept as true all factual allegations in the complaint." *Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir. 1994) (quoting *Nishiyama v. Dickson Co., Tenn.,* 814 F.2d 277, 279 (6th Cir. 1987)(en banc)).

**Failure to Exhaust Administrative Remedies.** The Prison Litigation Reform Act (PLRA) provides:

> "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Under this provision of the PLRA, exhaustion is mandatory and unexhausted claims cannot be brought in court. *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007). Towards this end, plaintiff pleads in his complaint that he has exhausted "all" grievance procedures available to him. (Docket Entry No. 3).

Defendants argue that plaintiff's pleadings are not sufficient because he does not attach documentation to the complaint as proof of exhaustion, citing *Bey v. Johnson*, 407

F.3d 801, 805 (6th Cir. 2005). Although *Bey* was good law at the time of defendants' filing, there has since been a marked change in pleading requirements under the PLRA in the Sixth Circuit as a result of the Supreme Court's ruling in *Jones v. Bock, supra.* In *Jones*, the Supreme Court held that requiring inmates to plead and demonstrate exhaustion in their complaints was impermissible because "Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint," and "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Jones*, 127 S.Ct. at 919. This reversal of prior circuit law requiring inmates to attach to their complaint a copy of all grievances and their disposition has since been implemented by district courts in the Sixth Circuit. *See Deruyscher v. Mich. Dep't of Corr. Health Care*, 2007 U.S. Dist. LEXIS 10053 (E.D. Mich. Feb 13, 2007).

Defendants' next exhaustion argument centers on the idea that "a prisoner must specifically name in his administrative grievances the defendants sued in his lawsuit and discuss the issues he seeks to pursue in his lawsuit." (Docket Entry No. 27). Although this was formerly the rule in the Sixth Circuit, this pleading requirement was also struck down by the Supreme Court in *Jones*. As indicated in *Jones*, "The Prison Litigation Reform Act of 1995 requires exhaustion of such administrative remedies as are available, 42 U.S.C.S. § 1997e(a), but nothing in the statute imposes a 'name all defendants' requirement for grievances." *Jones,* 127 S.Ct. at 922. Furthermore, in order properly to exhaust administrative remedies, prisoners must merely comply with the prison grievance procedures available to them. *Id. at* 922-923. Thus, "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and

5

claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id. at* 923. Accordingly, the Sixth Circuit has also recognized that plaintiffs are no longer required to plead that they have exhausted their available administrative remedies with respect to all of their claims and all named defendants before filing suit. *Okoro v. Hemingway,* 481 F.3d 873, 874 (6th Cir. 2007). Moreover, the record before the Court does not establish that the TDOC grievance procedures required plaintiff to name anyone in the grievance.

Finally, *Jones* indicates that demonstration of exhaustion is not a pleading prerequisite; but rather failure to exhaust is an affirmative defense that must be alleged by defendant. *Jones,* 127 S.Ct. at 921. The Sixth Circuit has since reiterated that "exhaustion is an affirmative defense" in cases arising under the PLRA. *Rivera v. Nelson*, 2007 U.S. App. LEXIS 11184 (6th Cir. 2007). As a result, exhaustion of administrative remedies cannot be described as a jurisdictional prerequisite to the court entertaining a complaint arising under the PLRA.

**Eleventh Amendment Immunity.** Plaintiff brings his claim under 42 U.S.C. § 1983, which provides in pertinent part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage of any State … subjects, or causes to be subjected, any citizen … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

One of the key elements of a § 1983 claim is that only "persons" under the statute are subject to liability. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (U.S. 1989). Traditionally, courts have held that states are not "persons" under § 1983, *id.* at 71; *Dillon-Barber v. Regents of the Univ. of Mich.*, 51 Fed. Appx. 946, 952 n. 6 (6th Cir.

2002), and that a suit against a state agency constitutes a suit against the State itself. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994).

The Eleventh Amendment of the United States Constitution bars federal courts from subjecting a state to the federal judicial power unless the state has waived its immunity or Congress has exercised its power to override that immunity. *Will,* 491 U.S. at 66. There is no evidence to indicate that the state of Tennessee has waived its immunity in this case, and courts have consistently held that when Congress enacted § 1983 it did not intend to abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332 (1979); *Johnson v. University of Cincinnati,* 215 F.3d 561, 571 (6th Cir. 2000). Consequently, plaintiff has failed to state a claim upon which relief can be granted against the state agency defendants Tennessee Department of Correction, the West Tennessee State Penitentiary, and the Turney Center Industrial Prison and Farm Internal Affairs Office.

**Personal Service of Nicky Jordan.** Counsel for defendants argues that Nicky Jordan should be dismissed from the suit because he has not been personally served. (Docket Entry No. 27). This argument, however, is something of a non sequitur because, as counsel for the defense acknowledges, "Jordan is not listed as a defendant [in the complaint]." Although the court has previously referred to Mr. Jordan as a defendant, (Docket Entry No. 25), this was a result of judicial oversight in grouping a motion filed on behalf of Jordan seeking an extension of time with the identically worded motions filed on behalf of four named defendants. (Docket Entry No. 24). As a result, this portion of the summary judgment motion is rendered moot as the court cannot dismiss a claim against Mr. Jordan that has never been asserted. Mr. Jordan has neither been

7

named as a defendant nor served with process, and should be terminated as a party to this action.

## **RECOMMENDATION**

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART**, dismissing plaintiff's complaint against the Tennessee Department of Corrections, the West Tennessee State Penitentiary, and the Turney Center Industrial Prison and Farm Internal Affairs Office and, **DENIED** as to all other claims by plaintiff.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from the receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied* 474 U.S. 1111 (1986).

Entered this the 18th day of June, 2007.

s/ John S. Bryant  
John S. Bryant  
United States Magistrate Judge