IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KENNETH MYNATT,              )
                             )
    Plaintiff,                )
                             )    No: 1:06-0049
        v.                    )    Judge Echols/Bryant
                             )    **Jury Demand**
TENNESSEE DEPARTMENT OF       )
CORRECTIONS, et al.,          )
                             )
    Defendants.               )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Pending before the Court is the motion for summary judgment filed on behalf of defendants Wayne Brandon, Michael F. Wood, Billy J. Hunnicut and Larry Harper. (Docket Entry No. 45). Plaintiff has filed nothing in opposition to this motion, and the deadline for doing so has long since expired.

This motion has been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry Nos. 7 and 8).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and the complaint against these defendants be **DISMISSED** with prejudice.

### Statement of the Case

Plaintiff, an inmate in custody of the Tennessee Department of Corrections, proceeding pro se, filed this action alleging that

defendants violated his constitutional rights by failing to place him in protective custody and thereby allowing him to be severely assaulted by fellow inmates who were members of a criminal gang. (Complaint, Docket Entry No. 6-6). At all pertinent times, defendants Brandon, Wood, Hunnicut and Harper were employed at the Turney Center Industrial Prison ("TCIP") in Only, Tennessee. (Docket Entry No. 47).

The alleged assault giving rise to the complaint occurred at West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, on January 21, 2006. (Complaint, Docket Entry No. 6-6, p. 10; Docket Entry No. 48). Plaintiff was transferred from TCIP to WTSP on December 9, 2005. (Docket Entry No. 48). Plaintiff had been placed in protective custody at TCIP from October 18, 2005, until his transfer, but was not placed in protective custody following his transfer to WTSP until after the alleged assault occurred. (Docket Entry Nos. 47 and 48).

Defendants Brandon, Wood, Hunnicut and Harper worked at TCIP, and not at WTSP, and they had no control of, and were altogether uninvolved with, the decision whether plaintiff should be placed in protective custody following his transfer to WTSP. (Docket Entry No. 48).

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides:

> **Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

## Analysis

As mentioned above, plaintiff has filed no response in opposition to this motion. In the absence of such a response, the undisputed record shows that these individual defendants were employed at a different corrections facility, and that they had no control of or responsibility for the decision not to place plaintiff in protective custody at WTSP, where the assault giving rise to the complaint allegedly occurred. Therefore, the undersigned Magistrate Judge finds that there is no genuine issue of material fact for trial and that defendants' motion for summary judgment should be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge hereby **RECOMMENDS** that these defendants' motion for summary

judgment be **GRANTED** and that the complaint against them be **DISMISSED** with prejudice.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **ENTERED** this 6th day of May 2008.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge

---

[1] All other defendants who were served with process in this action have previously been dismissed from the case. Named in the complaint but never served were "f/n/u Gamblen," "f/n/u Loba," and "Shift Commander." The complaint against these individuals should be dismissed without prejudice. Rule 4(m).